GULOTTA, Judge.
This is a proceeding by plaintiff, Gilbert J. Blanchard, to compel defendants to submit to arbitration the issue of the amount due and owing to plaintiff under a certain small construction contract.
On May 7, 1969, plaintiff-appellant, Gilbert J. Blanchard d/b/a Gilbert J. Blanchard, Builder, entered into a contract with defendants-appellees, Mr. and Mrs. Alfred C. Ory, whereby plaintiff was to perform certain construction work for defendants. The agreement under which plaintiff was to perform this work contains an arbitration clause which provides as follows:
“All claims or disputes arising out of this Contract or the breach thereof shall be decided by arbitration in accordance with the Construction Industry Arbitration Rules of the American Arbitration Association then obtaining unless the parties mutually agree otherwise. Notice of the demand for arbitration shall be filed in writing with the other party to the Contract and with the American Arbitration Association and shall be made within a reasonable time after the dispute has arisen.”
Plaintiff alleges that upon completion of the work according to the terms of the contract, he billed defendants for the stipulated contract price as well as for the price of “all changes and extra labor and materials sold, delivered and utilized” in the construction work which he performed. Plaintiff further contends that defendants authorized all the work which he performed including the changes and extras and that the entire job was performed in a workmanlike manner, yet that defendants *404 have not paid him the sum which he contends is due and owing for his work. Plaintiff therefore submitted the matter to the American Arbitration Association for arbitration pursuant to the above quoted clause of the written contract and notice of plaintiff’s demand for arbitration was mailed to defendants. To date, however, defendants have refused to submit the matter to arbitration. Plaintiff has, therefore, petitioned the court, pursuant to the terms of LSA-R.S. 9:4203, for an order directing the defendants to proceed to arbitration in accordance with the terms of the agreement which they signed. From an adverse ruling by the lower court, plaintiff prosecutes the present appeal.
LSA-R.S. 9:4203 provides in part as follows :
“The party aggrieved by the alleged failure or refusal of another to perform under a written agreement for arbitration, may petition any court of record having jurisdiction of the parties, or of the property, for an order directing that the arbitration proceed in the manner provided for in the agreement. Five days’ written notice of the application shall be served upon the party in default. Service shall be made in the manner provided by law for the service of a summons.
“The court shall hear the parties, and upon being satisfied that the making of the agreement for arbitration or the failure to comply therewith is not an issue, the court shall issue an order directing the parties to proceed to arbitration in accordance with the terms of the agreement. If the making of the arbitration agreement or the failure or refusal to perform is an issue, the court shall proceed summarily to the trial thereof.”
The lower court found on the basis of the pleadings that the “making of the agreement for arbitration and particularly the failure to comply with the demand for arbitration is an issue herein.” We are of the opinion that the trial judge was correct in this conclusion.
Defendants filed an answer to plaintiffs petition in which they allege that they have offered to pay plaintiff the full amount of the contract price, which offer has been refused, but that they refuse to remit any sum over and above that amount. Defendants allege that plaintiff’s demand for a sum over and above the contract price is based on an increase in the cost of the work due to defendants’ alleged harassment of and interference with the plaintiff’s workmen. Defendants deny any such harassment or interference and that any additional amounts are due and owing.
In our opinion, there is a definite issue as to the nature of the items which compose the alleged extras for which plaintiff is seeking to be compensated over and above the contract price. Also, there appears to be a question of fact as to whether these alleged extra items were ever validly incorporated into the terms of the written contract so as to bring a claim involving them under the above quoted arbitration provision.
The pertinent provisions of the contract relating to extras or change orders is embodied in Article 22.1 of the agreement, which reads as follows:
“The Owner without invalidating the Contract may order Changes in the Work consisting of additions, deletions, or modifications, the Contract Sum and the Contract Time being adjusted accordingly. All such Changes in the Work shall be authorized by written Change Order signed by the Owner or the Architect as his duly authorized agent.”
However, once it was determined that there was an issue involving “the making of the agreement for arbitration or the *405 failure to comply therewith”, we are of the opinion that the trial court erred in not proceeding to a trial of this issue — the issue being whether or not the change orders were in writing and incorporated into the agreement making the change orders the subject of arbitration as required in LSA-R.S. 9:4203. If change orders were in writing, they would be a part of the agreement and the proper subject of arbitration. In the event that they were not in writing, according to the terms of Article 22.1 of the agreement, they would then be outside of the written part of the contract or agreement and not the subject of arbitration.
From the record before us we are unable to determine whether this is a controversy which the arbitration provision of the contract was meant to cover. Until the exact nature of the extras is proven and it is determined whether the plaintiff was authorized by the contract to perform all the work for which he seeks to be compensated, we cannot determine whether the arbitration provision of the contract is applicable.
The trial court found that the defendants had reason to refuse arbitration solely on the basis of the allegations contained in their answer. We are of the opinion, however, that once a party raises the issue of whether the arbitration clause of a contract is applicable to his claim, LSA-R.S. 9:4203 requires that such issue must be litigated and proven. Otherwise, a party could successfully circumvent a valid clause in an agreement by simply alleging facts which indicate arbitration is inapplicable.
For the foregoing reasons, the judgment of the lower court is annulled and set aside and the matter is remanded to the lower court for further proceedings. Costs of this proceeding are to be born by defendants-appellees.
Annulled and set aside; case remanded.