404 So.2d 528 (1981)
Stanley COHEN, M. D. and Louis Kenneth Cohen, M. D. a Professional Medical Corporation
v.
AUDUBON CONSTRUCTION CORPORATION.
No. 11737.
Court of Appeal of Louisiana, Fourth Circuit.
September 14, 1981.
Steeg & O'Connor, Randy Opotowsky, New Orleans, for plaintiffs-appellants.
Dodge, Friend, Wilson & Spedale, Joseph E. Friend, New Orleans, for defendant-appellee.
Before SAMUEL, SCHOTT and GARRISON, JJ.
GARRISON, Judge.
This is an appeal from a judgment of the district court dismissing plaintiff's suit to compel arbitration on a construction contract. The judgment contains a statement that the case was dismissed on an exception of no right of action. The reasons for judgment, however, refer to an exception of prescription.
Plaintiffs contend that the question of prescription must be decided by the arbitrator and not by the court. They rely on jurisprudence which holds that the only issues properly before the court are:
1. whether the parties have agreed to arbitration, and
2. whether or not the other party refused to submit to arbitration.
We reject that argument because the question of prescription must first be resolved before the court can determine if there is a viable contract to arbitrate. If prescribed, the contract is no longer binding and there is no arbitration agreement to enforce.
Appellant alleges that when the hearing was held at the trial court level, no argument, testimony, or evidence were presented on the issue of prescription, so that the trial court rendered this judgment without a hearing on the exception. Additionally, there is no transcript of the April 10 hearing contained in the record.
On appeal, both parties argue the law of prescription and the facts and merits of the case in their briefs. There is some indication that there were prior repairs to the building by defendant over a period of time and that the damages complained of *529 may not have been immediately apparent but rather of a slowly developing nature. Either of these conclusions will have a bearing on the issue of prescription; however, no facts are in evidence in the record. If this case has prescribed, then it should, of course, be dismissed; however, there are no facts in the record which show that the case has prescribed.
Due to the lack of evidence, the judgment of the district court is vacated, annulled and set aside and the case is remanded.
ANNULLED, SET ASIDE AND REMANDED.