590 So.2d 832 (1991)
SUN BELT CONSTRUCTORS, DIVISION OF MCC CONSTRUCTORS, INC.
v.
The PLAQUEMINES PARISH GOVERNMENT.
No. 91-CA-0452.
Court of Appeal of Louisiana, Fourth Circuit.
November 26, 1991.
Nicholas J. Gagliano, Little & Metzger, Metairie, for plaintiff/appellant.
George Pivach, II, Anne Derbes Keller, Pivach, Cossich & Pivach, Belle Chasse, for defendant/appellee.
Before SCHOTT, C.J., PLOTKIN, J., and GULOTTA, J. Pro Tem.
JAMES C. GULOTTA, Judge Pro Tem.
Sun Belt Constructors filed suit to compel enforcement of an arbitration agreement. See La.R.S. 9:4201, 9:4203. The trial judge, concluding that the agreement does not apply to the instant dispute, dismissed plaintiff's suit on an exception of no cause of action. Plaintiff appeals. We reverse and remand.
On November 14, 1985, Sun Belt Constructors and Plaquemines Parish entered into a contract to construct a booster station in Empire, Louisiana. The work was divided into segments and payments were to be made as each segment was finished and the work approved. One segment of the contract included installation of certain electrical work in a building adjacent to the booster station, known as the water treatment plant. Sun Belt completed work on this segment. The Parish approved the work and payment was made. Shortly thereafter, a fire occurred in the building and the electrical apparatus was damaged. The Parish acknowledged that Sun Belt was in no way responsible for the fire.
At the request of the Parish, Sun Belt surveyed the damage and gave a written cost proposal to repair the damage. The Parish ordered Sun Belt to replace the fire damaged electrical apparatus, claiming it was required to do the work as part of its original contract. A change order request was sought by Sun Belt and was denied by the Parish. Sun Belt did the work under protest and with full reservation of all rights.
The Parish refused to pay the $28,826.00 for the repairs of the damaged area, paying only the $433,000.00 required by the original contract. Sun Belt requested the Parish to participate in arbitration in accordance with the arbitration clause in the contract.[1] After the Parish refused, Sun Belt *833 filed suit to enforce the compulsory arbitration clause contained in the contract.
From a judgment dismissing plaintiff's cause of action, plaintiff prosecutes this appeal.
The Parish contends the trial judge was correct in maintaining its no cause of action exception because the expense of restoring fire damaged work was not mentioned in the written contract and, therefore, was not subject to the arbitration clause. We disagree.
The Louisiana Supreme Court in Bartley Inc. v. Jefferson Parish School Board, 302 So.2d 280 (La.1974), held that, under the Louisiana Arbitration Law, the only triable issues in a suit to enforce an arbitration agreement are: was an arbitration agreement made and did a party fail or refuse to comply with the agreement. In Bartley, the defendant argued that the arbitration clause was not enforceable because of prematurity and waiver on the part of the plaintiff. The court held that the issues of prematurity and waiver should be addressed by an arbitrator and cannot be used to shield a party from an order directing arbitration. The court reasoned that the basis for an arbitration agreement is to enable parties to achieve speedy settlement of disputes. The effort would be rendered useless if, before the utilizing the arbitration process, parties were allowed to litigate in order to secure an initial court determination that procedural formalities of the arbitration agreement have been complied with. Bartley, supra.
The Parish cites two cases in support of its position, Cohen v. Audubon Construction Corp., 404 So.2d 528 (La.App. 4th Cir.1981) and Blanchard v. Ory, 248 So.2d 403 (La.App. 4th Cir.1971).
Cohen held that the question of prescription on a contract must first be resolved before arbitration could take place. Cohen is not inconsistent with Bartley. If the contract had prescribed, the arbitration agreement did not exist. The prescription question was properly decided by the court. This is not the issue in the instant case because both parties stipulated to the validity of the contract and the arbitration agreement contained therein. In Blanchard, this court held the trial court erred in denying arbitration without proceeding to trial on the issues of amount due and contract coverage. The plaintiff in Blanchard brought suit to compel arbitration over alleged extra items and their cost. The holding in Blanchard also is not inconsistent with Bartley and is supportive of a conclusion that the present arbitration agreement is enforceable.
The Parish attempts to distinguish Bartley from the instant case, asserting that prematurity and waiver are questions of "procedural arbitrability" and whether or not a particular issue arises out of or relates to a contract is a substantive issue to be decided by the court. We disagree.
Sun Belt was told by the Parish to replace the fire damaged work under "specific performance of the contract." Failure to do so could have placed Sun Belt in a position of default for the entire contract. It would be inequitable to allow a party to claim that certain work was mandated under the contract and then claim that it doesn't fall under the contract for purposes of arbitration. Whether or not the contract in question mandates recovery for the appellant's claim is a question to be decided according to the contract by an arbitrator under Louisiana Arbitration Law. Willis-Knighton Med. Ctr. v. So. Builders, Inc., 392 So.2d 505 (La.App. 2nd Cir.1980).
Accordingly, the trial court's judgment is reversed and set aside. The dispute is referred to arbitration.
REVERSED AND SET ASIDE.
NOTES
[1] 7.9 ARBITRATION

7.9.1 All claims disputes and other matters in question between the contractor and the owner arising out of, ... or relating to, the contract documents or the breach thereof, ... except for claims which have been waived by the making or acceptance of final payment... should be decided by arbitration in accordance with construction industry arbitration rules of the American Arbitration Association then obtaining unless the parties mutually agree otherwise.