670 So.2d 531 (1996)
Jesse Ruth PARKER, et al.
v.
ST. TAMMANY PARISH HOSPITAL SERVICE DISTRICT, et al.
No. 94 CW 2278.
Court of Appeal of Louisiana, First Circuit.
February 27, 1996.
Writ Denied May 10, 1996.
*532 Charles O. Taylor, New Orleans, for Appellees, Jesse Ruth Parker, et al.
Michael J. Furman, New Orleans, for Appellant, Dr. Francis T. Cazayoux.
Before LOTTINGER, C.J., and LeBLANC and GONZALES, JJ.
GONZALES, Judge.
We granted certiorari in this case to determine whether the trial court properly concluded that it had no authority to rule on the defendant's exception of prescription and motion to exclude evidence and that the arbitration panel was the proper forum for decision of the issues raised.

FACTS AND PROCEDURAL HISTORY
Dr. Francis T. Cazayoux delivered Brandon Charles Parker, the child of Jessie Ruth and Larry Parker, on April 27, 1984. Mrs. Parker was obese, had had no prenatal care, but had delivered four previous children without incident. However, on this occasion, there was a problem with the delivery. The Parkers allege that in attempting to deliver the baby, Dr. Cazayoux twisted the baby's head, thereby causing right Erb's palsy and right diaphragmatic paralysis.
Mr. and Mrs. Parker filed suit, individually and as natural tutors of Brandon Charles Parker, in April of 1985.[1] Dr. Cazayoux filed an exception of prematurity, arguing that the matter had to be submitted to a medical review panel. The matter proceeded to a medical review panel which rendered an opinion in favor of Dr. Cazayoux.
Thereafter, in April of 1987, the Parkers reinstituted suit in district court. In March *533 of 1988, Dr. Cazayoux filed another exception of prematurity, this time arguing that Mrs. Parker had executed a binding arbitration agreement by which she agreed to submit any and all claims against him to binding arbitration.
Subsequently, Dr. Cazayoux filed an exception of prescription and a motion to exclude evidence, attempting to dismiss a loss of consortium claim by Mrs. Parker which had been added late in the suit. In addition, Dr. Cazayoux filed a motion to exclude and limit evidence relating to four other claims: constitutionality of La.R.S. 40:1299.41 et seq.; loss of enjoyment of life by Mrs. Parker; special care/services suffered by the child which must be borne by Mrs. Parker; and entitlement of Mrs. Parker to Lejeune mental anguish damages.[2] The trial court characterized this motion as a partial no cause of action.
Based on the agreement signed by Mrs. Parker, the trial court entered a consent judgment referring her claims to arbitration.[3] However, the trial court noted the pending exception and motion and set them for hearing. After the hearing, trial court rendered written reasons as follows:
The defendant, Dr. Cazayoux, filed an exception of prescription and a motion to exclude evidence of plaintiff's case before the arbitration panel. Defendant has no statutory authority for filing these in district court. For claims before the Medical Review Board, the statutes authorize the filing of exceptions in the district court. The Louisiana Arbitration Law does not provide a similar statute. Therefore the Court has no authority to rule on the defendant's exception and that exception must be heard by the arbitration panel. Similarly, the motion to exclude evidence of the mother's hedonic damages and future economic damages is really an exception of no cause of action which cannot be heard in the district court.
The defendant also seeks to prohibit the plaintiff from raising the issue of the constitutionality of the statutory cap on damages. This issue is premature. Unless the arbitration panel awards plaintiff more than $500,000, the plaintiff need not present this argument.
Accordingly, defendant's exception and motion are dismissed.
Dr. Cazayoux filed an application for supervisory writ, contending that the trial court erred in dismissing his exception and motion. A writ of certiorari was issued by this court, ordering that the trial court record be filed with this court, that the parties file briefs, and setting oral argument.

DISCUSSION
The Louisiana law governing arbitration of medical services is found in the Louisiana Arbitration Law, La.R.S. 9:4201-4217, in La. R.S. 9:4230-4236, dealing specifically with the arbitration of medical and dental services, and in Civil Code articles 3099-3132. These codal and statutory authorities provide for valid, irrevocable, and enforceable arbitration agreements in the context of medical contracts. La.R.S. 9:4232. If any suit or proceedings be brought upon any issue referable to arbitration under an agreement in writing for arbitration, the court in which suit is pending, upon being satisfied that the issue involved in the suit or proceedings is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until an arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with the arbitration. La.R.S. 9:4202.
It is Dr. Cazayoux's position that the issues raised by his exception of prescription and motion to exclude evidence are not issues *534 "referable to arbitration" within the meaning of La.R.S. 9:4202. Dr. Cazayoux argues that Mrs. Parker is not legally entitled to recover damages for loss of enjoyment of life, for special care/services suffered by the child which must be borne by Mrs. Parker, or for Lejeune mental anguish. Dr. Cazayoux argues that the trial court must decide whether Mrs. Parker is entitled to these damages and thus whether these claims are referable to arbitration.
We find no merit in this argument. The law favors an interpretive effort toward upholding arbitration. Once parties have entered into an enforceable agreement which provides for arbitration, it is as binding as the law upon them. Where there is doubt, the general rule is that it should be resolved in favor of, not against, arbitration. Cajun Electric Power Cooperative, Inc. v. Louisiana Power and Light Company, 324 So.2d 475, 478 (La.App. 4th Cir.1975). In this case, the arbitration agreement provided that the parties would submit "any controversy arising out of claims based on negligence or medical malpractice, between patient ... and medical practitioner" to arbitration.[4] As such, the power of the arbitration panel is limited to those issues agreed upon by the parties. La.C.C. arts. 3104 and 3122. However, because the claims raised by Mrs. Parker clearly present a controversy arising out of claims based on negligence or medical malpractice, Dr. Cazayoux is bound by the agreement he made to arbitrate claims associated with the controversy (including claims for hedonic damages, Lejeune damages, loss of enjoyment of life damages, or damages for special care/services suffered by the child which must be borne by Mrs. Parker). We find no error in the trial court's dismissal of Dr. Cazayoux's motion in this regard.
Dr. Cazayoux next argues that any evidence regarding the constitutionality of the Medical Malpractice Act should be excluded because this claim by Mrs. Parker is not one properly referable to arbitration. Dr. Cazayoux argues that the arbitration panel has no authority to pass on the constitutionality of statutes. In its reasons for judgment, the trial court noted that this issue was premature unless and until the arbitration panel awards Mrs. Parker more than $500,000.00. We agree that the arbitration panel has no authority to decide the constitutionality *535 of a statute[5] but find no error in the trial court's dismissal of Dr. Cazayoux's motion in this regard as premature.
Dr. Cazayoux also argues that the trial court, and not the arbitration panel, is the proper forum for decision on his exception of prescription. The exception deals with a loss of consortium claim asserted by Mrs. Parker long after the initial suit was filed.
In making this argument, Dr. Cazayoux relies on the case of Cohen, M.D. v. Audubon Construction Corporation, 404 So.2d 528 (La. App. 4th Cir.1981). In Cohen, the plaintiffs sued to compel arbitration on a construction contract. The trial court dismissed the suit on an exception of prescription without ordering that the issue be referred to arbitration. The plaintiffs appealed, arguing that the question of prescription must be decided by the arbitrator and not by the court. Declining to accept the plaintiffs' argument, the fourth circuit stated, 404 So.2d at 528, "We reject that argument because the question of prescription must first be resolved before the court can determine if there is a viable contract to arbitrate. If prescribed, the contract is no longer binding and there is no arbitration agreement to enforce." The Cohen court then noted that there was insufficient evidence in the record to determine whether the construction contract had prescribed and remanded the case for further proceedings. Cohen, M.D. v. Audubon Construction Corporation, 404 So.2d at 529.
The prescription issue in the Cohen case dealt with the validity of the construction contract within which the arbitration clause was located. The Cohen court correctly determined that, if the construction contract was prescribed, then the arbitration agreement contained therein was also prescribed. This decision is merely a proper application of the trial court's authority to determine whether a valid arbitration agreement exists in the first place.
Under La.R.S. 9:4203, once a court is satisfied that an arbitration agreement exists and that there has been a failure to comply with the agreement, the court shall order the parties to proceed to arbitration in accordance with the terms of the agreement. Bartley, Inc. v. Jefferson Parish School Board, 302 So.2d 280 (La.1974). As part of its duty to determine whether an agreement to arbitrate exists, the court is required to determine whether a valid agreement to arbitrate exists. If the court determines that the agreement is not enforceable (because, for example, it is prescribed as was the issue in the Cohen case, or because it was executed under duress, error, or fraud), the matter is not referable to arbitration because the arbitration agreement is invalid. On the other hand, if the court determines that the arbitration agreement is valid and enforceable, the only other triable issue in the court is whether there has been a failure to comply with the arbitration agreement. Once that decision is made, the court must refer the matter to arbitration. Bartley, Inc. v. Jefferson Parish School Board, 302 So.2d at 281, 283.
In Cohen, the exception of prescription attacked the validity of the arbitration agreement itself; thus, under its duty to determine the existence of a valid arbitration agreement, the Cohen court properly concluded that the prescription issue had to be decided by the court, rather than by the arbitrator, because if the contract containing the arbitration agreement was prescribed, there would be no arbitration agreement, and thus, nothing to refer to arbitration. See Sun Belt Constructors, Division of MCC Constructors, Inc. v. Plaquemines Parish Government, 590 So.2d 832, 833 (La.App. 4th Cir.1991).
The present case can be distinguished from the Cohen case, because herein, there is no dispute that the arbitration contract between Mrs. Parker and Dr. Cazayoux is valid, and is not prescribed. The prescription argument in the present case deals with a loss of consortium claim asserted by Mrs. Parker. This prescription issue deals with *536 the merits of the controversy between Mrs. Parker and Dr. Cazayoux and is not one of the triable issues addressable by the trial court. It is instead part of the "controversy arising out of claims based on negligence or medical malpractice" which the parties specifically agreed to refer to arbitration.
Based on La.R.S. 9:4203 and the supreme court's decision in Bartley, we find that the trial court correctly determined that it was without authority to decide the exception of prescription which addresses the merits of Mrs. Parker's loss of consortium claim. By attempting to have this issue decided by the court, rather than by the arbitration panel, Dr. Cazayoux is attempting to add to the limited number of triable issues which can be addressed by the trial court. This thwarts the basic purpose of arbitration.

DECREE
For reasons given herein, the writ of certiorari issued in this case is RECALLED and the application is DENIED. Costs associated with this writ are assessed to Dr. Cazayoux.
NOTES
[1] Defendants named in the suit were St. Tammany Parish Hospital Service District, Hospital District #1, d/b/a St. Tammany Parish Hospital, and St. Tammany Parish Hospital, Francis T. Cazayoux, M.D., Albert I. Tydings, M.D., Walter A. Scheuermann, M.D., d/b/a F.T. Cazayoux, W.A. Scheuermann, A.I. Tydings, a Professional Medical Corporation, and Henry J. Daigle, Jr., M.D.
[2] In Lejeune v. Rayne Branch Hospital, 556 So.2d 559 (La.1990), the Louisiana Supreme Court recognized a cause of action for mental anguish suffered by a person because of injury sustained by another person. This cause of action is now codified in La.C.C. art. 2315.6.
[3] This opinion only addresses the claims brought by Mrs. Parker and does not address the claims brought by Mr. Parker or Brandon Charles Parker because they are not parties to the arbitration agreement between Mrs. Parker and Dr. Cazayoux. See Ciaccio v. Cazayoux, 519 So.2d 799 (La.App. 1st Cir.1987).
[4] The arbitration agreement, which is modeled after the sample contained in La.R.S. 9:4231, reads in its entirety:

Jessie R. Parker, hereinafter called "Patient", engages Dr. [F.T. Cazayoux, M.D.,] hereinafter called "Medical Practitioner", to render medical care and service. For and in partial consideration of the rendition of any and all present and future medical care and service, the patient agrees that in the event of any controversy arising out of claims based on negligence or medical malpractice, between patient, whether a minor or an adult, or the heirs at law or personal representatives of a patient, as the case may be, and medical practitioner, including his agents or employees, the same shall be submitted to arbitration. Within fifteen days after any of the above named parties shall give notice to the other of demand for arbitration of said controversy, the parties to the controversy shall each appoint an arbitrator and give notice of such appointment to the other. Within fifteen days after such notices have been given, the two arbitrators so selected shall select a neutral arbitrator who is an attorney, licensed to practice in the State of Louisiana, and give notice of the selection thereof to the parties. The arbitrators shall hold a hearing within ninety days of the date of notice of selection of the neutral arbitrator. All notices or other papers required to be served shall be served by certified United States mail. Except as herein provided, the arbitration shall be conducted and governed by the provisions of the Louisiana Arbitration Law, R.S. 9:4201 et seq. The taking of testimony and presentation of evidence at the arbitration hearing shall be governed by the general rules of evidence applied in the courts of Louisiana.
This agreement shall become effective on the 25 day of April 1984, and expires five years thereafter. Nevertheless, any dispute arising from an act or omission occurring during the term of this contract shall be resolved in accordance with this contract regardless of when the dispute arises. This agreement applies to the rendition of all present and future medical care and service by medical practitioner within the term on this contract.
I have read the NOTICE TO PATIENT printed on the back of this Agreement.
April 25, 1984 By /s F.T. Cazayoux
April 25, 1984 By s/ Jessie R. Parker
/s M. Lacroix By 
Witness Parent or Guardian
 if patient is a minor

[5] The determination as to whether a statute is unconstitutional is a purely judicial function. The judicial power of the state is constitutionally vested in the courts. La. Const. art. 5, § 1; Midboe v. Commission on Ethics for Public Employees, 94-2270 (La. 11/30/94), 646 So.2d 351, 355.