705 So.2d 1280 (1998)
CONAGRA POULTRY COMPANY, Plaintiff-Appellee,
v.
Bill COLLINGSWORTH, aka Billy W. Collingsworth, Defendant-Appellant.
No. 30155-CA.
Court of Appeal of Louisiana, Second Circuit.
January 21, 1998.
Kitchens, Benton, Kitchens & Warren by Paul E. Kitchens, Minden, for Defendant-Appellant.
Watson, Murchison, Crews, Arthur & Corkern by William P. Crews, Jr., Natchitoches, and Napper, Waltman, Madden & Rogers by Bill Madden, III, Ruston, for Plaintiff-Appellee.
Before NORRIS, HIGHTOWER and BROWN, JJ.
NORRIS, Judge.
The defendant, Bill Collinsworth a/k/a Billy W. Collinsworth,[1] appeals a judgment maintaining an exception of prescription, and issuing a Stay Order enjoining him from attempting to pursue arbitration proceedings with the plaintiff, ConAgra Poultry Company a/k/a ConAgra Inc. ("ConAgra"). For the reasons assigned, the judgment of the District *1281 Court is reversed and judgment rendered.

I.
Collinsworth was employed in the poultry growing business. On May 24, 1994, he signed a ten year contract with ConAgra to raise chickens. The contract contained language which provides for arbitration over all claims and disputes arising out of the contract. The contract also permissively granted either party ten days to demand arbitration from the date a claim was known or reasonably should have been known.
Eventually, ConAgra became dissatisfied with Collinsworth's performance. On October 10, 1995, ConAgra's Broiler manager, Mr. Fred Stewart, met with Collinsworth to relay ConAgra's displeasure, to notify Collinsworth that only two more batches of baby chickens would be delivered, and that the contract would terminate upon the chickens' maturity (some time in February of 1996). On October 30, 1995, ConAgra wrote a follow up letter to Collinsworth confirming that no more birds would be provided.[2] In February of 1996, ConAgra stopped delivering the baby chickens. In September of 1996, Collinsworth notified ConAgra of his intent to seek arbitration pursuant to the contract. On October 1, 1996, a formal demand was made for arbitration with the American Arbitration Association, and two days later, Collinsworth's attorney notified ConAgra that a claim had submitted to arbitration.

II.
In response, ConAgra filed the instant Rule to Show Cause in Bienville Parish District Court urging an exception of prescription and requesting a stay order to enjoin Collinsworth from pursuing arbitration. Collinsworth filed an answer to the rule, and reconvened to demand arbitration, dismissal of the rule, and sanctions and attorney fees. The District Court sustained the exception, issued the stay order[3], denied the request for sanction and attorney fees, and cast all costs of the proceedings to Collinsworth. From that judgment Collinsworth appeals raising two assignment of error: (1) the trial court erred in holding that the arbitration request of Mr. Collinsworth had prescribed and in issuing a Stay Order, and (2) the trial court erred in refusing to order arbitration.

III.
The determination as to whether to enjoin or order arbitration is a question of law. Hennecke v. Canepa, 96-0772 (La.App. 4 th Cir. 5/21/97), 700 So.2d 521. Appellate review of questions of law is simply to determine whether the trial court was legally correct or legally incorrect. Cangelosi v. Allstate Ins. Co., 96, 0159 (La.App. 1st Cir. 9/27/96), 680 So.2d 1358, writ denied 96-2586 (La.12/13/96), 692 So.2d 375; National Tea Co. v. Plymouth Rubber Co., 95, 254 (La.App. 5 th Cir. 10/18/95), 663 So.2d 801 citing Phoenix Assur. Co. v. Shell Oil Co., 611 So.2d 709 (La.App. 4 th Cir.1992). If the trial court's decision was based on its erroneous interpretation or application of law, rather than a valid exercise of discretion, such incorrect decision is not entitled to deference by the *1282 reviewing court. Roberts v. Cox, 28, 094 (La.App.2d Cir. 2/28/96), 669 So.2d 633; Kem Search, Inc. v. Sheffield, 434 So.2d 1067 (La. 1983).
Arbitration is a process of dispute resolution in which a neutral third party (arbitrator) renders a decision after a hearing at which both parties have an opportunity to be heard. Black's Law Dictionary 105 (6 th ed. 1990). The object of arbitration is the speedy disposition of differences through informal procedures without resort to court action. North Cent. Utilities, Inc. v. East Columbia Water Dist., 480 So.2d 901 (La. App. 2d Cir.1985), writ not cons., 481 So.2d 1329 (1986). The purpose of arbitration would be undermined if, before being compelled to arbitrate, parties were permitted to litigate in order to secure an initial determination that the procedural formalities of the agreement had been satisfied. Bartley, Inc. v. Jefferson Parish School Board, 302 So.2d 280 (La.1974).
At issue in this case is the application of the Louisiana Arbitration Law ("LAL"), La. R.S. 9:4201 et seq. Under § 4203 a court, at the request of an aggrieved party, shall order the parties to proceed to arbitration in accordance with the terms of the arbitration agreement, after it is found (a) that an arbitration agreement[4] was made, and (b) that the opponent failed or refused to comply with it. These are the only triable issues in a suit to enforce an arbitration agreement such as the present. Bartley, supra. Although ConAgra's suit seeks a stay and Collinsworth's reconvention seeks to compel arbitration, the court's inquiry under § 4203 is the same.[5]Willis-Knighton Medical Ctr. v. Southern Builders, Inc., 392 So.2d 505 (La.App. 2d Cir.1980). See also Landry, supra. Therefore, once the court finds a valid and enforceable arbitration agreement, and a failure to comply therewith, the court shall order arbitration. Matthews-McCracken Rutland Corp. v. City of Plaquemine, 414 So.2d 756 (La.1982), citing Bartley, supra.

IV.
Applying the law to the facts of this case we find that the contract had been entered into evidence without objection and there has been no allegation that the contract is void or voidable for fraud, duress, or mistake of law, or that it had prescribed. Moreover, it is clear that ConAgra has refused to submit to arbitration. In fact, neither party contests the validity or enforceability of the contract or the arbitration clause; rather, they contest the interpretation for the contractual procedures in instituting arbitration proceedings. The contract in pertinent part states:
All claims between [Collinsworth] and Con-Agra arising out of this Agreement shall be submitted to arbitration. The following procedure shall apply:
a. Either party may demand arbitration in writing within ten (10) days after the alleged claim was known or reasonably should have been known. Such demand shall include the name and address of the arbitrator appointed by the party demanding arbitration. (emphasis added).
The claim for arbitration was not made until October of 1996, a year from the time ConAgra argues the dispute was known or reasonably should have been known, and more than seven months following the time performance ceased under the contract. ConAgra argues that Collinsworth's tardiness resulted in noncompliance with the terms to proceed with arbitration, thus waiving arbitration and procedurally barring any future legal course of action, either in the courts or at arbitration. Collinsworth argues that the contractual procedures for instituting arbitration proceedings are permissive and that he did not waive his right to arbitrate *1283 by failing to request arbitration within 10 days from the time a claim was known or reasonably should have been known.
The parties frame the issues as (1) whether the contract mandated the a ten day "window of opportunity," and (2) whether Collinsworth waived his right to arbitrate and/or institute legal proceedings. These are issues arising out of the contract. It is not disputed that the parties agreed to arbitrate such disputes, and that ConAgra is refusing to do so. Both parties, nevertheless, presume that we have jurisdiction to hear such issues. However, questions regarding the interpretation and compliance of the procedures under the contract and whether a party waived its right to arbitrate under the terms of the contract are issues of procedural arbitrability that should not be decided by the courts, but rather by the arbitrator. Charles Ragusa & Son, Inc. v. St. John the Baptist Parish Sch. Bd., 629 So.2d 1302 (La.App. 4 th Cir.1993), writ denied, 94-0100 (La.33/11/94), 634 So.2d 395; Sun Belt Contractors, Div. of MCC Constructors, Inc. v. Plaquemines Parish Gov't, 590 So.2d 832 (La.App. 4 th Cir.1991); North Cent. Utilities, supra; Willis-Knighton, supra; National Bldg. and Contracting Co., v. Lafourche Parish Police Jury, 381 So.2d 867 (La.App. 1 st Cir.1980); Bartley, supra; See also M.J. Green, Annotation, Waiver of, or Estoppel to Assert, Substantive Right or Right to Arbitrate as Question for Court or Arbitrator, 26 A.L.R. 3rd 604, 617-20 (1969).[6]Cf., I.D.C., Inc., supra, (finding that where the issue of waiver results from the institution of judicial action or lapse of time, as opposed to the failure to comply with contractual procedures, the court is the proper forum to decide the issue).

V.
For the reasons expressed, we find a valid and enforceable agreement to arbitrate and a failure to comply therewith. We hold that the trial court was legally incorrect in presuming that it was the proper forum to determine the issues raised therein, and in determining those issues. The trial court was legally incorrect in maintaining the exception of prescription and granting the stay order. We reverse the judgment of the trial court and render judgment in favor of Collinsworth on his reconventional demand for arbitration. Costs are assessed to ConAgra.
REVERSED AND REFERRED TO ARBITRATION.
BROWN, J., concurs with reasons.
BROWN, Judge, concurring.
The time limitation for instituting a legal action in court or a demand for arbitration amounts to more than a matter of interpretation of the contract or its procedures. Had this claim been filed in court, it would have been timely. Louisiana has no specific statutes of limitation applicable to arbitration proceedings. Under the circumstances of this case, to recognize the 10-day limitation written in the contract as a bar to any redress is unreasonable.
NOTES
[1] The defendant's name is misspelled as "Collingsworth" in the initial rule.
[2] There is language in the letter which arguably suggest an option to continue under or revive the terms of the contract if certain building conditions were satisfied. The letter stated in pertinent part:

We agreed that due to the age and deterioration of your farm, it would be unwise to spend the amount of money it would take to bring your farm up to standard. We therefore agreed to place two more batches in the farm, after which no more birds will be placed. We agreed to offer to you the opportunity to build four new houses, 40' × 500', to our new house specifications. These new houses would replace the old unit that would be shut down. (emphasis added).
[3] In the instant case, ConAgra sought a stay order to enjoin arbitration. However, the Louisiana Arbitration Law only allows a stay order to enjoin court proceedings in favor of arbitration, not vice versa. La. R.S. 9:4201. Although our decision circumvents this issue, the stay procedure provided for in § 4202 is not applicable to a party seeking to enjoin arbitration. See, Tower Hill Trading Co., Ltd., v. Howard, Weil, Labouisse, Friedrichs Inc., 96, 0463 (La.App. 4 th Cir. 1/22/97), 687 So.2d 1096 (J. Schott concurring). Rather an application for a preliminary injunction under La. C.C.P. art. 3601, is the procedure to enjoin arbitration. Wied v. TRCM, LLC, 30, 106 (La.App.2d Cir. 7/24/97), 698 So.2d 685; Landry v. William B. Reily & Co., Inc., 524 So.2d 750 (La.App. 3d Cir.1988).
[4] The arbitration agreement must be valid and enforceable. Parker v. St. Tammany Parish Hosp. Service Dist., 94, 2278 (La.App. 1 st Cir. 2/27/96), 670 So.2d 531, writ denied 96-0805 (La.5/10/96), 672 So.2d 925. See also Cohen v. Audubon Construction Corp., 404 So.2d 528 (La.App. 4 th Cir. 1981) (holding that the issue of whether the contract containing the arbitration agreement had prescribed must first be resolved before ordering arbitration).
[5] Also, because of the public policy favoring arbitration and alternative dispute resolution in general, it makes little sense to allow more grounds to enjoin arbitration than to compel arbitration.
[6] However, we are also mindful of a line of jurisprudence that has either held or presumed that the courts were the proper forum to determine the issue of waiver. Big River Construction & Remodeling Co., Inc. v. University Club I Apartments, L.P., 598 So.2d 542 (La.App. 1st Cir. 1992); Matthews-McCracken, supra; I.D.C., Inc. v. McCain-Winkler Partnership, 396 So.2d 590 (La.App. 3d Cir. 1981). However, it has been held or presumed in those cases that the court was the proper forum to determine the issue of waiver where there had been a general lapse of time in requesting arbitration, or where a party seeking to invoke arbitration had initially participated in judicial action.