LSOL GOTHARD, Judge.
Plaintiff, F. Kirby Newburger, appeals from a decision of the trial court denying his exception of prescription to pending arbitration. We affirm the decision of the trial court.
*542 Defendants filed arbitration proceedings before the National Association of Securities Dealers against plaintiff, alleging misdeeds in his capacity as securities broker and as trustee. Plaintiff sought injunctive relief to prevent arbitration against him, alleging that he acted only as trustee, and he never agreed to arbitration, therefore defendants’ recourse was through judicial means only. The trial court denied injunctive relief. Plaintiff appealed, and raised the issue of prescription for the first time. This court affirmed the denial of the preliminary injunction, and remanded for consideration of the exception of prescription.
On remand, the trial court denied the exception of prescription, finding that the issue of prescription was also subject to arbitration. Plaintiff now appeals from that ruling.
In Blanchard v. Petmecky, 97-659 (La.App. 5 Cir. 7/22/97), 709 So.2d 796, 797, writ denied, 97-2158 (La.11/14/97), 703 So.2d 633, this court noted the scope of the trial court’s supervision over arbitration matters:
laArbitration is a non-judicial method of resolving disputes and is favored as a matter of public policy, Cajun Electric Power Co-op, Inc. v. Louisiana Power and Light Co., 324 So.2d 475 (La.App. 4th Cir.1975). Courts are not authorized to take part in arbitration proceedings except in three limited circumstances. First, where one party refuses to arbitrate, the other may seek a court determination of whether there is a valid arbitration agreement. If the court finds such a valid agreement, then it must order the parties to submit to arbitration, La. R.S. 9:4203; Bartley v. Jefferson Parish School Board, 302 So.2d 280 (La.1974). Second, where an arbitration agreement does not specify how the arbitrators shall be appointed, or if one party fails, or refuses to name an arbitrator as per the agreement, then the court may make such appointments, La. R.S. 9:4204. Third, after an award is made, any party may petition to have the agreement vacated or amended, La. R.S. 9:4210-1211. Beyond these matters, the courts have no jurisdiction to further interfere in arbitration proceedings, Spencer v. Hoffman, 392 So.2d 190 (La.App. 4th Cir.1980). To rule otherwise would defeat the purpose of arbitration, which is to provide a speedy settlement of disputes out of court, Bartley, supra.
Once the court finds a valid and enforceable arbitration agreement, and a failure to comply therewith, the court shall order arbitration. Conagra Poultry Co. v. Collingsworth, 30,155 (La.App. 2 Cir. 1/21/98), 705 So.2d 1280.
In this case, the court found that there was a valid and binding agreement to arbitrate. Plaintiff contends however, that he is entitled to a judicial ruling on whether the claims subject to arbitration have prescribed.
The arbitration clause at issue provides that:
I agree that all controversies that may arise between us concerning any transaction or the construction, performance, or breach of this Agreement, or any other agreement between us, pertaining to securities or other property, whether entered into prior, on, or subsequent to the date hereof, shall be determined by arbitration.
If the parties to a contract have explicitly agreed to submit all disputes to an arbitrator, then a determination that the contract is valid will necessarily suffice to require enforcement of the arbitration clause. Metro Riverboat Associates, Inc. v. Bally’s Louisiana, Inc., 97-1672 (La.App. 4 Cir. 1/14/98), 706 So.2d 553, writ denied, 98-0679 (La.5/29/98), 720 So.2d 339. The is *543 sue of prescription, like the others issues present, is subject to the agreement to arbitrate. Parker v. St. Tammany Parish Hospital Service District, 94-2278 (La.App. 1 Cir. 2/27/96), 670 So.2d 531, writ denied, 96-0805 (La.5/10/96), 672 So.2d 925.
RAccordingly, we find no error in the trial court’s denial of the exception of prescription. The judgment of the trial court is affirmed. All costs are assessed against appellant.

AFFIRMED.

REHEARING DENIED

Plaintiff requests a rehearing in this case arguing that an earlier panel of this court had required the trial court to conduct a hearing on his prescription claim, relying on Cohen v. Audubon Construction Corp., 404 So.2d 528 (La.App. 5th Cir.1981). However, as correctly noted by the trial court, Cohen is distinguishable from this case. Cohen involved a prescription issue that addressed the very validity of the arbitration agreement. The validity of the arbitration agreement is not at issue here. Rather, the prescription claim raised herein addresses issues covered by the arbitration agreement and, thus, are not to be heard by the trial court but are to be considered during arbitration. Parker v. St. Tammany Parish Hospital Service Dist., 94-2278 (La.App. 1st Cir.2/27/96), 670 So.2d 531, writ denied, 96-0805(La.5/10/96), 672 So.2d 925. Accordingly, the rehearing is denied.
/s/ Sol Gothard
JUDGE SOL GOTHARD
/s/ James L. Cannella
JUDGE JAMES L. CANNELLA
/s/ Clarence E. McManus
JUDGE CLARENCE E. McMANUS