2015-1997 (La.App. 1 Cir. 10/31/16)

**The LEMOINE COMPANY, LLC**

v.

**DURR HEAVY CONSTRUCTION, LLC and Ceco Concrete Construction, LLC**

**NO. 2015 CA 1997**

Court of Appeal of Louisiana, First Circuit.

OCTOBER 31, 2016

William H. Parker, III, Lafayette, LA, Chad V. Theriot, William E. Dorris, Daniel B. Swaya, Atlanta, GA, Attorneys for Plaintiff-Appellant, The Lemoine Company, LLC

Christopher K. LeMieux, Alexis K. Caughey, Metairie, LA, Attorneys for Defendant-Appellee, Durr Heavy Construction, LLC

John F. Olinde, Scott C. Barney, New Orleans, LA, Attorneys for Defendant-Appellee, Ceco Concrete Construction, LLC

BEFORE: HIGGINBOTHAM, THERIOT, AND CHUTZ, JJ.

HIGGINBOTHAM, J.

This is an appeal from a judgment of the district court that dismissed plaintiff's motion to stay the proceeding and compel arbitration, and granted defendants' peremptory exception raising the objection of peremption, thereby dismissing all of plaintiff's claims.

## FACTUAL AND PROCEDURAL HISTORY

This action arises out of the construction of the LLOG Exploration Co., LLC Executive Office and Athletic Club in Covington, Louisiana (the project), on which plaintiff, The Lemoine Company, LLC, acted as the general contractor. Lemoine subcontracted

portions of the work to several parties including defendants, Ceco Concrete Construction, LLC and Durr Heavy Construction, LLC. After construction on the project was completed, the last certificate of substantial completion documenting acceptance of the work by the project owner, Cypress Bend Real Estate Development Company, was recorded on June 26, 2009, in the St. Tammany Parish public records.

On March 31, 2014, Cypress Bend filed suit against Lemoine seeking damages for alleged defects in the project. On April 4, 2014, Cypress Bend commenced arbitration proceedings against Lemoine seeking to recover damages.

A year later, on April 2, 2015, Lemoine filed a petition against Ceco and Durr alleging that Ceco and Durr had breached their respective subcontracts for the project and owed Lemoine indemnity in conformance with the subcontracts for the claims asserted against it by Cypress Bend. In its petition, Lemoine stated that it did not intend to litigate the dispute subject to the petition, but instead would pursue its claims in arbitration pursuant to its arbitration agreements in the subcontracts with Ceco and Durr. On April 22, 2015, Lemoine filed a motion to stay the proceedings and compel arbitration.

|₃Subsequently, both Ceco and Durr filed peremptory exceptions of peremption, on grounds that Lemoine's claims were perempted and extinguished by La. R.S. 9:2772, because Lemoine's petition was filed more than five years after the recordation of the last certificate of completion for the project and more than five years after Cypress Bend had assumed possession of and occupied the project. Lemoine opposed the peremptory exception contending first, that in accordance with the arbitration agreement in the subcontracts, peremption is for the arbitrator, not the district court, to decide and second, that its claims were not perempted.

Following a hearing, the district court signed a judgment denying Lemoine's motion to stay proceedings and compel arbitration, granting Ceco and Durr's peremptory exceptions of peremption, and dismissing all of Lemoine's claims and causes of action against Ceco and Durr. It is from this judgment that Lemoine appeals, citing the following assignments of error:

1. The district court erred, as a matter of law, in refusing to stay the proceedings and compel arbitration in accordance with the written arbitration agreement between the parties.

2. The district court erred, as a matter of law, in considering and adjudicating the peremptory exception of peremption since those issues were solely for the arbitrator to decide.

## LAW AND ANALYSIS

### I. Motion to Compel Arbitration

 The determination as to whether to stay or compel arbitration is a question of law. The standard of appellate review for questions of law is simply to determine whether the district court was legally correct or incorrect. **Arkel Constructors, Inc. v. Duplantier & Meric, Architects, L.L.C.,** 2006–1950 (La.App. 1 Cir. 7/25/07), 965 So.2d 455, 459. In ruling on a motion to compel arbitration, the threshold inquiry a court must decide is whether the parties agreed to arbitrate their dispute. This is a two-fold inquiry; to wit: (1) whether there is a valid arbitration agreement, and (2) |₄whether the dispute in question falls within the scope of that agreement. **Collins v. Prudential Ins. Co. of America,** 99–1423 (La. 1/19/00), 752 So.2d 825, 831.

■ Arbitration is a matter of contract, and a party cannot be required to submit to arbitration any dispute to which he has not so agreed. The authority of an arbitrator to resolve disputes is derived from the parties' advance agreement to submit such grievances to arbitration. **AT & T Technologies, Inc. v. Communications Workers of America**, 475 U.S. 643, 648–49, 106 S.Ct. 1415, 1418, 89 L.Ed.2d 648 (1986). The United States Supreme Court in **Howsam v. Dean Witter Reynolds Inc.**, 537 U.S. 79, 83, 123 S.Ct. 588, 591, 154 L.Ed.2d 491 (2002), stated that "[t]he question whether the parties have submitted a particular dispute to arbitration, *i.e., 'the question of arbitrability,'* is 'an issue for judicial determination [u]nless the parties clearly and unmistakably provide otherwise.' " See also **Breaux v. Stewart Enterprises Inc.**, 2004–1706 (La. 10/8/04), 883 So.2d 983, 983–84. (per curiam.)

In support of its contention that the parties submitted the issue of arbitrability and therefore the issue of peremption to arbitration, Lemoine cites to paragraph 34 of the subcontracts titled "disputes."[1] Paragraph 34 provides in pertinent part as follows:

(d) If at any time, any claim, dispute or controversy should arise between the Contractor and Subcontractor regarding any matter or thing involved in this Subcontract (or breach of it) or construction project...then the decision of the Contractor shall be followed by the Subcontractor and the claim, dispute or controversy shall be decided as stated below in the Paragraph 34.

(e) The Subcontractor shall conclusively be bound by and abide by the Contractor's decision, unless arbitration proceedings are commenced as provided below.

(f) Should the Subcontractor decide to appeal from the decision of the Contractor, then the controversy shall be decided by arbitration ... and the arbitration decision shall be final and binding upon both parties to resolve the controversy.... The arbitration shall be in accordance with the Construction Industry Rules of the American Arbitration Association. The arbitration will include, if possible, by consolidation or other joinder, all parties necessary to afford complete relief in the arbitration or necessary to avoid the possibility of inconsistent results.

■ |₅It is Lemoine's position that by incorporation of the Construction Industry Rules of the American Arbitration Association (AAA rules) into the subcontracts, specifically, rule 9 regarding jurisdiction, the parties agreed to delegate to the arbitrator all issues regarding the arbitrator's jurisdiction and all issues regarding the existence, scope and validity of the arbitration agreement, including the issue of peremption.[2] Lemoine relies on **Jasper Contractors**, which stated that when the

---

1. Paragraph 34 in the subcontracts signed by Ceco and by Durr are nearly identical; however, the subcontract between Ceco and Lemoine redacts certain language not relevant to this appeal.

2. Rule 9 of the AAA rules provides, in part:
 (a) The arbitrator shall have the power to rule on his or her own jurisdiction, including any objection with respect to the existence, scope, or validity of the arbitration agreement.

(b) The arbitrator shall have the power to determine the existence or validity of a contract of which an arbitration clause forms a part. Such an arbitration clause shall be treated as an agreement independent of the other terms of the contract. A decision by the arbitrator that the contract is null and void shall not for that reason alone render invalid the arbitration clause.

parties explicitly incorporate rules that empower an arbitrator to decide issues of arbitrability, the incorporation serves as "clear and unmistakable evidence of the parties' intent to delegate such issues to an arbitrator." **Jasper Contractors, Inc. v. E–Claim.com, LLC,** 2011–0978 (La.App. 1 Cir. 5/4/12), 94 So.3d 123, 133.

The general incorporation of the AAA rules in subcontracts paragraph 34 specifically provides that if the **Subcontractor** decides to appeal from the decision of the **Contractor,** then the controversy **shall** be decided by arbitration. The subcontracts provide that Lemoine's decisions on the dispute shall be followed by Ceco and Durr, unless Ceco and Durr decide to appeal the decision, in which case the controversy shall be decided by the arbitrator. Paragraph 34(f) does not "clearly and unmistakably" apply to actions commenced by Lemoine against Ceco and Durr, such as the present action. Nor does any other provision in the subcontract "clearly and unmistakably" submit the issue of peremption to the arbitrator.

Ceco and Durr never commenced any arbitration; therefore, the conditions imposed by this arbitration provision have not been satisfied. Lemoine's claims against Ceco and Durr do not fall within the scope of the arbitration agreement. Unlike the situation in **Jasper Contractors,** the subcontracts entered into by Ceco and Durr and Lemoine do not clearly require claims made by Lemoine against the subcontractors be governed by the AAA rules.

Paragraph 39(a) in Lemoine's subcontract with Ceco, and paragraph 40(a) in Lemoine's subcontract with Durr provides "All matters relating to the validity, performance, or interpretation of this Subcontract shall be governed by the law of the state applicable to the contract between the Owner and Contractor." Thus, the sub-

contracts are governed by the law of Louisiana.

Louisiana courts, although not directly addressing peremption, have discussed prescription when the arbitration provision is in the contract in which the asserted claims have prescribed. In **Cohen v. Audubon Construction Corp.,** 404 So.2d 528 (La. App. 4th Cir. 1981), plaintiffs sued to compel arbitration on a construction contract. The district court dismissed the suit on an exception of prescription. In **Cohen** the court stated: "the question of prescription must first be resolved before the court can determine if there is a viable contract to arbitrate. If prescribed, the contract is no longer binding and there is no arbitration agreement to enforce." **Cohen,** 404 So.2d at 528. This Court, in **Parker v. St. Tammany Parish Hosp. Service Dist.,** 94–2278 (La.App. 1 Cir. 2/27/96), 670 So.2d 531, writ denied, 96–0805 (La. 5/10/96), 672 So.2d 925, pointed out that **Cohen** dealt with the validity of the construction contract within which the arbitration clause was located, and agreed with the determination of the **Cohen** court that if the construction contract was prescribed then the arbitration agreement contained therein was also prescribed. **Parker,** 670 So.2d at 535. Further, in **Parker,** this court agreed that the prescription determination was part of the district court's duty to determine whether a valid arbitration agreement existed in the first place. **Id.** Like in **Cohen,** the arbitration agreements are contained in the construction subcontracts that Lemoine alleges were breached.

Peremption is a period of time fixed by law for the existence of a right. La. Civ. Code art. 3458. Unless timely exercised, a person's right to assert a cause of action is extinguished upon the expiration of a peremptive period. **State Through Div. of Admin. v. McInnis Bros. Const.,** 97–0742 (La. 10/21/97), 701 So.2d

937, 939. Peremption may not be renounced, interrupted, or suspended. La. Civ. Code art. 3461. Peremption differs from prescription in two respects: (1) the expiration of the peremptive time period destroys the cause of action itself; and (2) nothing may interfere with the running of a peremptive time period. **Naghi v. Brener,** 2008–2527 (La. 6/26/09), 17 So.3d 919, 926.

We conclude that the same reasoning applied in **Cohen**—that a prescribed contract is no longer binding and there is no arbitration agreement to enforce—applies *a fortiori* where Ceco and Durr contend that Lemoine's claims under the subcontract are perempted and its cause of action destroyed. If a claim is perempted under La. R.S. 9:2772, it is extinguished, leaving no existing claims for the arbitrator to consider and no binding arbitration agreement to enforce.

The Louisiana Legislature enacted La. R.S. 9:2772 in 1964 to protect building contractors from liability for past construction projects that could extend for an indefinite period of time. See **Lasseigne v. Schouest & Sons, Builders,** 563 So.2d 371, 373 (La. App. 1st Cir. 1990). We find that when there is no explicit agreement to arbitrate the issue of peremption, it would undermine the purpose of La. R.S. 9:2772 to compel a subcontractor to arbitration on claims that are perempted on the face of the pleadings. Because the subcontracts do not contain a "clear and unmistakable" agreement to submit the issue of peremption to the arbitrator on claims by Lemoine against Ceco and Durr, and the arbitration agreement is contained in the construction contract giving rise to Lemoine's claims, we find that the district court was legally correct in reaching the issue of peremption. Thus, the district court did not err in dismissing Lemoine's

motion to stay the proceedings and compel arbitration.

**⌊8⌋II. Peremption**

 Ordinarily, the exceptor bears the burden of proof at the trial of the peremptory exception of peremption. **Carter v. Haygood,** 2004–0646 (La. 1/19/05), 892 So.2d 1261, 1267. However, if peremption is evident on the face of the pleadings, then the burden shifts to the other party to show that the claim is not perempted. **Rando v. Anco Insulations, Inc.,** 2008–1163 (La. 5/22/09), 16 So.3d 1065, 1082. If evidence is introduced at the hearing on the peremptory exception of prescription, the district court's findings of fact are reviewed under the manifest error-clearly wrong standard of review. **Id.** If the findings are reasonable in light of the record reviewed in its entirety, an appellate court may not reverse even though convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently. **Stobart v. State, through DOTD,** 617 So.2d 880, 882–83 (La. 1993).

Lemoine argued in the district court that its claims were not perempted under subsection C of La. R.S. 9:2772, but did not assign error to the district court's decision regarding peremption with this Court. In support of its motion for peremption, Ceco and Durr cited La. R.S. 9:2772, which establishes the peremptive period for actions involving deficiencies in surveying, design, supervision, or construction of immovables or improvements thereon. La, R.S. 9:2772 provides in pertinent part as follows:

A. Except as otherwise provided in this Subsection, **no action, whether ex contractu, ex delicto, or otherwise,** including but not limited to an action for failure to warn, to recover on a contract, or to recover damages, or otherwise arising out of an engage-

ment of planning, construction, design, or building immovable or movable property which may include, without limitation, consultation, planning, designs, drawings, specification, investigation, evaluation, measuring, or administration related to any building, construction, demolition, or work, shall be brought against any person performing or furnishing land surveying services, as such term is defined in R.S. 37:682, including but not limited to those services preparatory to construction, or against any person performing or furnishing the design, planning, supervision, inspection, or observation of construction or the construction of immovables, or improvement to immovable property, including but not limited to a residential building contractor as defined in R.S. 37:2150.1:

(1) (a) More than five years after the date of registry in the mortgage office of acceptance of the work by owner.

(b) If no such acceptance is recorded within six months from the date the owner has occupied or taken possession of the improvement, in whole or in part, more than five years after the improvement has been thus occupied by the owner.

(c) If, within ninety days of the expiration of the five-year peremptive period described in Subparagraph (a) of this Paragraph, a claim is brought against any person or entity included within the provisions of this Subsection, then such person or entity shall have ninety days from the date of service of the main demand or, in the case of a third-party defendant, within ninety days from service of process of the third party demand, to file a claim for contribution, indemnity or a third-party claim against any other party.

(2) If the person performing or furnishing the land surveying services, as such term is defined in R.S. 37:682, does not render the services preparatory to construction, or if the person furnishing such services or the design and planning preparatory to construction does not perform any inspection of the work, more than five years after he has completed the surveying or the design and planning with regard to actions against that person.

B. (1) The causes which are perempted within the time described above include any action:

(a) For any deficiency in the performing or furnishing of land surveying services, as such term is defined in R.S. 37:682, including but not limited to those preparatory to construction or in the design, planning, inspection, or observation of construction, or in the construction of any improvement to immovable property, including but not limited to any services provided by a residential building contractor as defined in R.S. 37:2150.1(9).

(b) For damage to property, movable or immovable, arising out of any such deficiency.

(c) For injury to the person or for wrongful death arising out of any such deficiency.

(d) Brought against a person for the action or failure to act of his employees.

(2) Deficiency, as used in this Section, includes failure to warn the owner of any dangerous or hazardous condition, regardless of when knowledge of the danger or hazard is obtained or should have been obtained.

(3) Except as otherwise provided in Subsection A of this Section, this peremptive period shall extend to every demand, whether brought by direct

action or for contribution or indemnity or by third-party practice, and whether brought by the owner or by any other person.

C. If such an injury to the property or to the person or if such a wrongful death occurs during the fifth year after the date set forth in Subsection A, an action to recover the damages thereby suffered may be brought within one year after the date of the injury, but in no event more than six years after the date set forth in Subsection A, even if the wrongful death results thereafter. [Emphasis added.]

The last Certificate of Substantial Completion evidencing Cypress Bends acceptance of the work on the project was recorded on June 26, 2009, in the St. Tammany Parish public records. Thus, the peremptive period began on that day. See **Ebinger v. Venus Const. Corp.**, 2010–2516 (La. 7/1/11), 65 So.3d 1279, 1284. Lemoine did not file its claims arising out of the subcontract for construction against Ceco and Durr until April 2, 2015, more than five years after the date of registry in the mortgage office of acceptance of the work by owner. Additionally, there was no evidence in the record to support that subsection C in the statute was applicable to the facts of this case. Under La. R.S. 9:2772, we find that Lemoine's claims against Ceco and Durr are clearly perempted, and the district court's conclusion was not erroneous.

## CONCLUSION

For the foregoing reasons, the judgment of the district court is affirmed. All costs of the appeal are assessed to The Lemoine Company, LLC.

**AFFIRMED.**