JiDUFRESNE, Judge.
WRIT GRANTED. JUDMENT VACATED.
The issue in this medical malpractice dispute is whether a district judge has jurisdiction to remove an arbitrator selected by a party as per the arbitration agreement. We hold that he does not.
The agreement provides that the patient and the doctor shall each select one arbitrator, and the arbitrators so selected shall then select a neutral arbitrator. After the three arbitrators were selected, the doctor urged a motion in district court to have the patient’s arbitrator removed because of an alleged conflict of interest, and the motion was granted.
Arbitration is a non-judicial method of resolving disputes and is favored as a matter of public policy, Cajun Electric Power Co-Op, Inc. v. Louisiana Power and Light Co., 324 So.2d 475 (La.App. 4th Cir.1975). Courts are not authorized to take part in arbitration proceedings except in three limited circumstances. First, where one party refuses to arbitrate, the other may seek a court determination of whether there is a valid arbitration agreement. If the court finds such a valid agreement, then it must order the parties to submit to arbitration, La. R.S. 9:4203; Bartley v. Jefferson Parish School Board, 302 So.2d 280 (La.1974). Second, where an arbitration agreement does not specify how the arbitrators shall be appointed, or if one party fails, or refuses to name an arbitrator as per the agreement, then the court may make such appointments, La. R.S. 9:4204. Third, after an award is made, any party may petition to have the agreement vacated or amended, La. R.S. 9:4210-4211. Beyond these matters, the courts have no jurisdiction to further interfere in arbitration proceedings, Spencer v. Hoffman, 392 So.2d 190 (La.App. 4th Cir. 1980). To rule otherwise would defeat the purpose of arbitration, which is to provide a speedy settlement of disputes out of court, Bartley, supra.
We further point out that La. R.S. 9:4233, the statute dealing specifically with medical malpractice arbitration, states that where an arbitration agreement provides that the patient is to appoint an arbitrator, “There shall be no restriction in the arbitration agreement as to whom the patient can appoint as an arbitrator and specifically the arbitration agreement shall not require the patient to *798 appoint a physician or dentist as members of the arbitration panel.” Were the courts empowered to remove a patient’s arbitrator, the clear mandate |2of this statute would be thwarted.
For the above reasons, relator’s writ is granted and the judgment dismissing her arbitrator is hereby vacated.