I «SOL GOTHARD, Judge.
Defendant, USAA Casualty Insurance Company, files this appeal from the decision of the trial court denying its motion to dismiss arbitration. We affirm the decision of the trial court.
This suit arises out of an automobile accident. Plaintiffs, Robert R. Zelenak and Mary E. Zelenak, filed suit on November 7,1997, alleging that they were injured when their vehicle was rear-ended by a vehicle driven by defendant, Peter Fazzio. Also named as defendants in the suit were Allstate Insurance Company, the liability insurer for Fazzio, and USAA, plaintiffs’ uninsured/underinsured carrier. Fazzio and Allstate settled with the plaintiffs and were dismissed from the lawsuit on August 28,1998.
On June 25, 1999, plaintiffs filed a motion for stay and to enforce arbitration. The trial court denied the motion on July 15, 1999, finding that the plaintiffs had waived arbitration. Both this court, in writ application number 99-C-1099, 11/3/99, and the Louisiana Supreme Court, *388 in writ application number 99-CC-3240, 11/17/99, denied relief.
|3On November 24,1999, plaintiffs filed a second petition to enforce arbitration. On December 15, 1999, the trial court granted the petition and ordered that the matter be referred for arbitration.
Defendants sought review with this court, alleging that the prior decision was law of the case. This court granted writs and remanded the matter to the lower court with instructions to conduct an evi-dentiary hearing on which version of the policy was in effect an the time of the accident, whether the clause providing for arbitration was properly deleted in the effective version and, if so, whether plaintiffs were properly notified of the deletion. We indicated that as these were new issues, law of the case did not apply. Writ application number 99-C-1418, 2/2/00.
A hearing was held and on May 24, 2000, the trial court rendered judgment on which policy was in effect. The court further found that the arbitration provision was not properly deleted. Again, both this court, in writ application number 00-C-1382, 8/14/00, and the Louisiana Supreme Court, in writ application number 2000-CC-2623,12/8/00, denied relief.
Thereafter, on December 28, 2000, defendant filed a motion to dismiss arbitration, alleging that any decision of the arbitration panel would necessarily be an advisory opinion, prohibited by law. This motion was denied on May 7, 2000. The trial court granted a partial new trial on August 22, 2000, to provide that the arbitration was to be conducted within six months. Thereafter, on October 11, 2001, defendants filed a motion for appeal.
In this appeal, defendants argue that the trial court erred in failing to dismiss arbitration on the ground that any decision of the panel would be an advisory one. Defendants further argue that the prior decision that plaintiffs waived their right to arbitration is law of the case, and therefore plaintiffs are not entitled to arbitration.
[4The USAA policy provision regarding arbitration provides that:
A decision agreed to by two of the arbitrators will be binding as to: The amount of damages. This applies only if the amount does not exceed the minimum limit for bodily injury liability specified by the financial responsibility law of Louisiana. If the amount exceeds that limit, either party may demand the right to a trial. This demand must be made within sixty days of the arbitrator’s decision. If this demand is not made, the amount of damages agreed to by the arbitrators will be binding.
Appellant states that under the clear wording of the policy, any decision in arbitration awarding either plaintiff damages over $10,000.00 is not binding if a demand for trial is made within sixty days. They further note that each plaintiff has already received $10,000.00 from Allstate, and that a tender of $14,000.00 was made to Dr. Zelenek. They state that any decision rendered by the arbitrator over $10,000.00 will immediately cause them to demand a trial. According, they argue to this court that any decision rendered by the advisory board would be purely advisory.
In Blanchard v. Petmecky, 97-659 (La.App. 5 Cir. 7/22/97), 709 So.2d 796, 797, writ denied, 97-2158 (La.11/14/97), 703 So.2d 633, this court noted the scope of the trial court’s supervision over arbitration matters:
Arbitration is a non-judicial method of resolving disputes and is favored as a matter of public policy, Cajun Electric Power Co-Op, Inc. v. Louisiana Power and Light Co., 324 So.2d 475 (La.App. 4th Cir.1975). Courts are not autho *389 rized to take part in arbitration proceedings except in three limited circumstances. First, where one party refuses to arbitrate, the other may seek a court determination of whether there is a valid arbitration agreement. If the court finds such a valid agreement, then it must order the parties to submit to arbitration, La. R.S. 9:4203; Bartley v. Jefferson Parish School Board, 302 So.2d 280 (La.1974). Second, where an arbitration agreement does not specify how the arbitrators shall be appointed, or if one party fails, or refuses to name an arbitrator as per the agreement, then the court may make such appointments, La. R.S. 9:4204. Third, after an award is made, any party may petition to have the agreement vacated or amended, La. R.S. 9:4210-4211. Beyond these matters, the courts have no jurisdiction to further interfere in arbitration proceedings, Spencer v. Hoffman, 392 So.2d 190 (La.App. 4th Cir.1980). To rule otherwise would defeat the purpose of arbitration, which is to provide a speedy settlement of disputes out of court, Bart-ley, supra.
|5In this case, the trial court found that there is a valid arbitration agreement. Once the court finds a valid and enforceable arbitration agreement, and a failure to comply therewith, the court shall order arbitration. Conagra Poultry Co. v. Collingsworth, 30,155 (La.App. 2 Cir. 1/21/98), 705 So.2d 1280. We believe that where a valid and enforceable agreement is present, the trial court is not authorized to dismiss arbitration at the request of a party who announces that it does not intend to abide by the arbitration decision. We find no error in the trial court’s order compelling the parties to arbitration.
Appellants also assert that the trial court’s ruling of July 15, 1999 that plaintiffs had waived arbitration was “law of the case.”
Under the “law of the case” doctrine, an appellate court will not reconsider its own rulings of law in the same case. However, application of the principle is discretionary. Farinelli v. St. John the Baptist Parish School Bd., 97-57 (La.App. 5 Cir. 4/29/97), 694 So.2d 1073, writ denied, 97-1371 (La.9/5/97), 700 So.2d 514. In light of the fact that we declined to previously apply law of the case in this matter, we will not apply the doctrine now.
We further note that:
Questions regarding the interpretation and compliance of the procedures under the contract and whether a party waived its right to arbitrate under the terms of the contract are issues of procedural arbitrability that should not be decided by the courts, but rather by the arbitrator. (citations omitted.)
Conagra Poultry Co. v. Collingsworth, supra, 705 So.2d at page 1283.
Thus, appellants may raise the issue of waiver of arbitration at the arbitration proceedings.
For the above discussed reasons, we affirm the decision of the trial court ordering the parties to proceed with arbitration. All costs are assessed against appellants.

AFFIRMED.

ROTHSCHILD, J., dissents with reasons.