2015-1996 (La.App. 1 Cir. 10/31/16)

**BOH BROS. CONSTRUCTION CO., LLC**

v.

**CYPRESS BEND REAL ESTATE DE-VELOPMENT COMPANY, LLC; The Lemoine Company, LLC; Eskew + Du-mez + Ripple, APC; Professional Service Industries, Inc.; McKee & Deville Consulting Engineers, Inc.; Nash Lipsey Burch, LLC; Richard C. Lambert Consultants, Ltd.; Ohlson Lavoie Corp.; and the Ballard Group, Inc.**

NO. 2015 CA 1996

Court of Appeal of Louisiana,
First Circuit.

October 31, 2016

Michael R. C. Riess, Michael D. Lane, New Orleans, LA

Attorneys for Plaintiff-Appellee, Boh Bros. Construction Co., LLC

Michael D. Hunt, Kelsey Komick Funes, Amanda W. Messa, Baton Rouge, LA

Attorneys for Defendant-Appellee, Cypress Bend Real Estate Development Company, LLC

William H. Parker, III, Lafayette, LA

Attorneys for Defendant-Appellant, The Lemoine Company, LLC

Chad V. Theriot, William E. Dorris, Daniel B. Swaya, Atlanta, GA

BEFORE: HIGGINBOTHAM, THERIOT, AND CHUTZ, JJ.

HIGGINBOTHAM, J.

This action arises out of the construction of the LLOG Exploration Co., LLC, Executive Office and Athletic Club in Covington, Louisiana (the project). The defendant, The Lemoine Company, LLC, acted as the general contractor on the project. Lemoine subcontracted portions of the work to several parties, including the plaintiff, Boh Bros. Construction Co., LLC. After construction on the project was completed, the last certificate of substantial completion documenting acceptance of the work by the project owner, Cypress Bend Real Estate Development Company, was recorded on June 26, 2009, in the St. Tammany Parish public records.

On March 31, 2014, Cypress Bend filed suit against Lemoine seeking damages for alleged defects in the project. On April 4, 2014, Cypress Bend commenced arbitration proceedings against Lemoine seeking to recover damages. On March 24, 2015, Boh Bros. filed a petition for declaratory judgment against Cypress Bend and Lemoine,[1] seeking a ruling from the district court that all potential claims, demands, and causes of action against Boh Bros. related to or arising out of the project, were perempted pursuant to La. R.S. 9:2772, as more than five years had passed since the acceptance of the work by Cypress Bend.

Lemoine answered Boh Bros.' petition and filed a reconventional demand against Boh Bros. alleging that Boh Bros. had breached its subcontract for the project and owed Lemoine indemnity in conformance with the subcontract for the claims asserted against it by Cypress Bend. Lemoine also filed a dilatory exception of prematurity or in the alternative, a motion to stay the proceedings and compel arbitration. Lemoine asserted that, under the arbitration provisions in the general contract and the subcontract, Boh Bros. was required to submit the matter to arbitration and that its claims against Boh Bros. are not perempted. On June 3, 2015, Boh Bros. filed a motion for summary judgment seeking declaratory relief as requested in its petition for declaratory judgment and dismissal of the reconventional demand filed by Lemoine.

Lemoine's dilatory exception of prematurity or in the alternative motion to stay the proceeding and compel arbitration, along with Boh Bros.' motion for summary judgment came before the district court on July 23, 2015. After the hearing, the district court signed judgment granting Boh Bros.' motion for summary judgment, and granting declaratory judgment in favor of Boh Bros. "declaring that any and all claims or causes of action against [Boh Bros.] arising out of or relating to [the project] which arise out of that certain Subcontract Agreement dated December 10, 2007, executed by and between [Lemoine] and [Boh Bros.] are hereby perempted as a matter of law pursuant to La. R.S. § 9:2772." The district court overruled Lemoine's dilatory exception of prematurity and denied Lemoine's alternative motion to stay the proceeding and compel arbitration.

Lemoine appealed the judgment and assigned two assignments of error: (1) the district court erred, as a matter of law, in refusing to stay the proceedings and compel arbitration in accordance with the written arbitration agreement between the parties; and (2) the district court erred, as a matter of law, in considering and adjudicating Boh Bros.' motion for summary judgment based on peremption since the

---

1. In its petition, Boh Bros. included several other parties involved in the project, but voluntarily dismissed the additional parties through an order signed by the district court on June 9, 2015.

peremption issue was solely for the arbitrator to decide.

## LAW AND ANALYSIS

On appeal, summary judgments are reviewed *de novo* under the same criteria that govern the trial court's consideration of whether summary judgment is appropriate. **Sunrise Const. and Development Corp. v. Coast Waterworks, Inc.,** 2000–0303 (La.App. 1 Cir. 6/22/01), 806 So.2d 1, 3, writ denied, 2001–2577 (La. 1/11/02), 807 So.2d 235. Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions, together with any affidavits, show that there is no genuine issue of material fact and that the mover is entitled to judgment as a matter of law. La. Code Civ. P. art. 966(B)(2).[2] The summary judgment procedure is expressly favored in the law and is designed to secure the just, speedy, and inexpensive determination of every action. La. Code Civ. P. art. 966(A)(2).

In a related appeal also decided this date, this court affirmed the judgment of the district court which denied a motion to stay the proceeding and to compel arbitration, granted exceptions of peremption, and dismissed all claims and causes of action against subcontractors on the same project. The subcontracts in the related appeal are nearly identical to the subcontract signed by Boh Bros. in this case. See **The Lemoine Company, LLC v. Durr Heavy Construction, LLC and Ceco Concrete Construction, LLC,** 2015–1997 (La. App. 1st Cir. 10/31/2016), 206 So.3d 244.[3]

Although the matter came before the district court in this case through Boh Bros.' petition for declaratory judgment and motion for summary judgment, the issues regarding whether the parties submitted the issue of peremption to arbitration and whether Lemoine's claims against the subcontractors are perempted are exactly the same.

In **Lemoine,** we held that because the arbitration agreement in the subcontracts does not clearly and unmistakably submit the issue of peremption to the arbitrator, and the arbitration agreement is contained in the construction subcontracts giving rise to Lemoine's claims, the district court was legally correct in reaching the issue of peremption. **Lemoine,** 206 So.3d at 249. Additionally, we held that because Lemoine filed its claims arising out of the subcontracts more than five years after the date of registry in the mortgage office of acceptance of the work by the owner, Lemoine's claims against the subcontractors were clearly perempted under La. R.S. 9:2772. **Lemoine,** 206 So.3d at 251.

Therefore, as in **Lemoine,** we find that the district court properly considered the issue of peremption and concluded that Lemoine's claims against Boh Bros. arising out of the project are perempted. Thus, no genuine issue of fact remained, and Boh Bros. was entitled to a declaratory judgment declaring that any and all claims or causes of action against Boh Bros., arising out of or relating to the project and the December 10, 2007, Subcontract Agree-

---

**2.** Louisiana Code of Civil Procedure article 966 was amended and reenacted by Acts 2015, No. 422, § 1, with an effective date of January 1, 2016. The amended version of article 966 does not apply to any motion for summary judgment pending adjudication or appeal on the effective date of the Act; therefore, we refer to the former version of the article in this case. See Acts 2015, No. 422, §§ 2 and 3.

**3.** Boh Bros., with the agreement of all parties to both appeals, filed a motion to consolidate the related appeals because the appeals involved "virtually identical factual and legal issues." This court denied Boh Bros.' motion to consolidate, but ordered that the appeals be assigned to the same panel and placed on the same docket.

ment between Lemoine and Boh Bros., are perempted pursuant to La. R.S. 9:2772. Additionally, the district court properly dismissed Lemoine's exception of prematurity and motion to stay the proceedings and compel arbitration.

## CONCLUSION

For the foregoing reasons, the judgment of the district court is affirmed. All costs of this appeal are assessed to The Lemoine Company, LLC.

**AFFIRMED.**